May it please the court. My name is Greg Wallace and I represent Amy Thomas and the Social Security Disability Appeal. I know you've had a long morning and my time before you was brief so I will get right to the point. We have two arguments for reversal here. First that the ALJ wrongly discredited the treating opinion of Dr. Hillier who has treated Ms. Thomas for more than 10 years. The second argument is that the ALJ failed to identify and resolve a potential conflict between the VE's testimony and the DOT's reasoning levels. Now let me take the second argument first. The ALJ limited Ms. Thomas to work requiring one- to two-step tasks and that corresponds best to reasoning level one in the DOT classification system. The VE however identified two jobs. One the label cutter job that requires reasoning at level two and second a new accounts clerk job that requires reasoning at level three. Now there is a threshold issue I think lurking here that really was not joined in the briefs and that is whether this limitation to one- to two-step task corresponds in fact to the DOT's reasoning level one. We assume that in our argument in our brief the government didn't didn't raise the question but I figured that you probably would so that's why I submitted the rule 28 J letter last week citing two circuit court cases one from the Ninth Circuit the rounds case which was mentioned in the district court opinion as well as the Henderson case from the Fourth Circuit and a a new very thorough case from the District Court of Minnesota the the Lilja case which was decided after we had submitted our reply brief in this case in which all of these courts conclude that that that the limit when ALJ limits a claimant to one two jobs requiring one but two-step tasks that that corresponds to the DOT's level one reason is obviously similar so I wonder I think the government has conceded that the that the level two job is is off the table now isn't that right well I if they have that's that that would be great your honor I I I'm not sure that they conceded that in their brief perhaps the government's counsel could could clarify that but they did not address the level two job I think that's probably what you're referring to we didn't address the level two job in the brief okay so if in fact the level two job is is no longer in play it's hard to see how the level three job could be exactly because the DOT reasoning levels go from the least complex complicated to the most so I would think if she cannot do if there's a conflict between the level one and level two reasoning there certainly would be a conflict between level one and level three we have cases that say that when when when there are jobs that overlap categories that an ALJ can assume that when the VE gives his or her opinion that there are jobs that this person can do he or she's talking about those jobs within that category that in fact required less less ability then you would think the category itself would require how do you respond to the yes this court in the Moore case in the Hillier case and in the Renfro case all talked about how a limitation to simple instructions would not necessarily be inconsistent with reasoning at level two or level three but a limitation to simple instructions does not correspond to any of the DOT reasoning levels here if we assume that the limitation to one to two step task corresponds to reasoning level one which is that the person is limited to simple one to two step task then we have a categorical conflict and this conflict is is evident on the face of the DOT classifications based on the on the face of it it's enough of a conflict to raise raise a question in the mind of the ALJ I would think that further inquiry needs to be made exactly your honor and the DOT the ALJs are familiar with these DOT reasoning levels and and the in this particular case clearly she identified jobs with our two and our three reasoning the ALJs limitation to our one reasoning there is a potential or possible conflict and that's all the case law in this court the the Moore case the Kemp case which dealt both of those dealt with overhead reaching all that has to be identified as a possible or potential conflict I guess if we agree with your point one that would just be a reversal is that right yes your honor we don't and what you're asking for is a remand on this second point yes your honor the remand to have now it's very possible that that these jobs could be performed by somebody with reasoning at level one and in this case miss Thomas suffers from borderline intellectual functioning it's possible but that would have to be explained by the VE to say look you you have to yeah I've observed these jobs and I think a significant number of them could be performed by by a person with with reasoning level one but but without that explanation then we we have a violation of Social Security ruling o dash 4p as well as this court's case law in the more in Kemp cases for this unresolved conflict in this case the ALJ did ask is this consistent with it I mean how do and the answer was yes it is how how do we approach that the question was asked it was answered yes this is all good to go whose burden who has the burden in that situation is that is it the fault of the the vocational expert is that the fault of the ALJ to not see when I say fault I mean you that use that loosely but who who has that responsibility to sort of follow up if that is indeed an erroneous answer yes once that once the claimant demonstrates either she has no past relevant work or she cannot perform that then this the sequential analysis moves to step 5 that's where the burden shifts to the government to come forth with evidence that the claimant is capable of performing other work in the economy so in answer to your question I would say that that burden is on the ALJ Social Security ruling 004 P places that burden squarely on the ALJ the Pearson case out of the fourth circuit also places that burden on the ALJ and in the in the Kemp case in this in this circuit the court specifically said that that it's not enough simply for the ALJ to ask if there's a conflict and the VE to say no there's no conflict so I think that in this particular case the ALJ failed to resolve this conflict and and for that reason we would ask for reversal the the second argument we have is that the ALJ improperly discounted the treating doctor's opinion here the ALJ gave two reasons one is that she did not seek specialized treatment and as we've answered that in our brief I think the problem there is that she didn't have the financial means to seek specialized treatment she was off and on of Medicaid when she did have her Medicaid she she did go for treatment particularly for a mental health provider but she testified that she could not afford treatment when she didn't have that with respect to the daily activities none of the activities that the ALJ identified are inconsistent with the limitations that dr. Hollis placed on her so we asked for reversal on both or one of these reasons your honor and I'll reserve the rest of my time for a rebuttal thank you thank you mr. Wallace ms. Romani good morning and may it please the court my name is Tracy Romani and I represent Nancy a Berryhill the Acting Commissioner of Social Security your honors I'd like to start with the first point in this case which is whether the ALJ properly relied on vocational testimony at step 5 of his analysis now as an as an initial matter I'd like to clarify the issues here the government conceded that the job with a reasoning level of two exceeded the ALJs RFC in terms of the exertional level not in here really comes down to whether the job with a reasoning level of three passed muster I'm the ALJ here at the end of the day limited miss Thomas to unskilled work under the regulatory definition of unskilled work and the vocational expert identified a an unskilled job under the regulations that she could perform now the ALJ here specifically found that miss Thomas could perform work involving few judgments little variable occasional workplace changes and the jobs had to be learned in 30 days or less this is entirely consistent with the regulatory definition of unskilled work which is work that requires little or no judgment to perform simple duties that can be learned in a short period of time and the ALJ in this case went even one step further within his RFC assessment he specified that he was limiting miss Thomas to jobs with a specific vocational preparation level of one or two which again corresponds to the regulatory definition of unskilled work so even with that limitation to one to two step tasks the ALJ under the of unskilled work and the vocational expert here identified an unskilled job with a specific vocational preparation level of two that she could perform now miss Thomas would have us focus on would have us focus on the comparison between the RFC in this case with the limitation to one to two step tasks and the reasoning level of three contained in the DOT however in comparing those two as she loses sight of the big picture in this case which is again that under the regulations we have an unskilled job our vocational expert identified an unskilled job she could perform the Social Security rulings explain that vocational evidence including the DOT cannot be used to establish that an unskilled job under the agency's regulatory definition has duties that exceed the definition of unskilled work so here when read in that context again miss Thomas would like us to read the reasoning level of three in isolation but when read in context the DOT says this is an SVP to job therefore it follows that regardless of the reasoning level it is still within the category of unskilled work which is entirely consistent with the ALJ's RFC finding in this case and that is the end of the day big picture focus here how do then how does and maybe I'm not understanding completely but how then do we factor in the part of the RFC that says a complexity of one to two step tasks right what what meaning does that have then in the context of the hypothetical to the VE right and so looking at the DOT again it says this is an SVP to job and in the regulations that corresponds to our definition of unskilled work so our contention is that reasoning level one to three in this scenario all fall into unskilled work which at the end of the day is finding he specifically limited miss Thomas to jobs with a specific vocational preparation level of one or two and the the part of the DOT that corresponds to the regulatory framework is the SVP the skill level so that's what that's really the contention here in this case well I wonder assuming not quite I understand you I'm not sure I understand your argument completely but assuming you're correct why is there nevertheless some duty here on the part of the ALJ perhaps I'm not understanding I'm not presuming correctly how much the ALJ's know about the DOT but why isn't when the answer comes back why is it why isn't why shouldn't that have piqued the interest of the ALJ enough to say well how do you explain that when I've given you this RFC you know what I'm saying right your honor and be maybe the V had an explanation but right oh I'm not sure that the ALJ shouldn't said what wait a second this is I told you about the one or two step right and so the ALJ in this case asked the VE is your testimony consistent with the DOT and he said yes and I'd point out that as the magistrate judge pointed out in her order in this case because the yet unresolved as to this very particular issue the ALJ had a reasonable basis at the time of the hearing for relying on that testimony the magistrate judge's order goes into great detail on citing various cases but this this court has never issued a bright line rule saying that either level 1 excuse me either level 2 or level 3 reasoning is inconsistent with unskilled work so we maintain that the ALJ fulfilled his duty to ask and inquire about a potential inconsistency and he had a reasonable basis for relying on that testimony I'd also point out that miss Thomas has pointed to district court decisions from various district courts and cases from outside the circus but excuse me the circuit but again this court has yet to lay down a line rule as to this issue and she has specifically referred to this 2017 district of Minnesota case however in that case the judge conceded that the law in this circuit is still unresolved yet they chose to follow on the lead of the Ninth Circuit in finding that one to two step tasks is more consistent with the treating physicians opinion in this case on the treating physician here said that miss Thomas could not perform even sedentary work and that is the least physically demanding type of work possible he said that she could not walk even one block she could stand for up to five minutes at a time and could only sit for ten minutes at a time so while some of miss Thomas's activities may have been completed while sitting in a chair her activities of as a whole are inconsistent with these severe limitations she cared independently for her five-year-old son she went to a karaoke bar approximately twice a month and she was able to care for her personal hygiene and perform these household chores I mean even if sitting down that's still inconsistent with the opinion that she could not sit for even ten minutes at a time or excuse me for only ten minutes at a time and as to her failure to seek treatment for physical impairment she still she has cited her lack of Medicaid or her lack of Medicaid coverage on the fact that she lost her health insurance but she still has not put forth any evidence that she saw and was denied treatment due to an insufficient funds or a lack of insurance was it which is long been standard before this court she also has not put forth any evidence that she saw and was denied treatment due to insufficient excuse me that she even sought to seek out low-cost or no-cost medical treatment and I finally point out that the relevant period in this case begins in January 2013 and our record reflects that she had regained her Medicaid coverage as of February 2014 yet as to physical impairment she did not seek any specialized treatment for the remaining eight months of the relevant period which is inconsistent with the extreme degree of physical limitation dr. Hollis assessed therefore substantial evidence supports both the ALJ step 5 determination and his evaluation of the treating physicians opinion in this case we respectfully request that this court uphold both the ALJ and district courts decision and I miss Thomas's appeal thank you for your time mr. Wallace your rebuttal may it please the court I have just a couple of quick points left on rebuttal the government's argument is that because the ALJ limited miss Thomas to unskilled work that's no conflict with reasoning level 3 that's not exactly true in the Lucy case which is cited at page 26 in our brief the court recognized there that unskilled work can encompass multiple different reasoning categories but the court said that sometimes people who are limited to unskilled work but also limited to reasoning level 1 cannot perform jobs with that require reasoning at level 2 but what's important here is the ALJ went on to add additional restrictions to his RFC finding he went on to find that she could only perform jobs that have no more than few variables with occasional changes in the workplace well guess what reasoning level 3 requires the ability to be able to contend with several concrete variables so there is an inconsistency here the ALJ failed to identify it and resolve it and for that reason the case should be reversed thank you your honor thank you Mr. Wallace thank you also miss Romani court appreciates counsel's presence and argument to the court will take the case under advisement